JEAN ALBERT TAUZIEDE et al., Appellants, v. FRANCOIS HENRY JUMEL et al., Respondents.

*Court of Appeals, May 3, 1892.*

*Res adjudicata. Effect.*—The decision of the court of appeals on a point involved in the action, though not a bar, should as authority control the decision of the same point in a subsequent action between the same parties and an additional party, as to the latter, who acquired an interest from parties to the former suit before entry of judgment therein.

Appeal from judgment of the supreme court, general term, first department, affirming judgment for defendant entered upon decision after trial at special term.

*John J. Macklin,* for appellants.

*Edward Winslow* Paige, for respondents.

EARL, CH. J.—In the action brought by Chester against Francois Henry Jumel and others, 125 N. Y. 237, one of the principal questions was whether the percentages and interest of De Chambrun and these respondents claiming under him should be computed on the basis of $152,525.43, or of $340,000, and it was held that they were to be computed upon the latter sum. That action was commenced before this, and all the parties to this action were parties to that, except the plaintiff Holt. Subsequently to the commencement of that action, Holt took conveyances of interests in the property in controversy from the plaintiff Tauziede and the defendant Tauziede, and thereafter he commenced this action, wherein he prayed judgment that the defendant Elliot be directed to sell the real estate held by him in trust, and that the proceeds of the sale be divided

among the parties to the action according to their respective interests. In that action there was an interlocutory judgment directing a sale of the real estate, and in pursuance of that judgment he sold the real estate for $340,000. Upon the final trial of the action, it was held, following the decision in the Chester case, that the interests of these respondents should be computed upon the basis of $340,000. Upon this appeal, the sole complaint of the plaintiffs is that the computation of the interests were made upon an erroneous basis, and that it should have been made upon the basis of $152,525.43. As it does not appear that the complaint in the Chester action had been filed at the time of the conveyances to Holt, the *lis pendens* in that action was inoperative as notice to him of the pendency of that action, and, therefore, the judgment in that action does not estop and bind him as if he were a party thereto. But the judgment in that action binds all the persons who were parties thereto including the plaintiff Tauziede.

We are also of the opinion that the decision made in that action should as authority control the decision of this as to Holt. That decision upon the question referred to was based upon the written agreements between the parties and their relations to each other and to the property, and taking all those matters into consideration, the court in that action reached the conclusion that the sum of $340,000 was to be taken as the basis of the computation of the interests of the parties. Here the same undisputed facts were before the court in this action, and it cannot be said now that there was error in reaching the same conclusion. It is not of much importance what the precise allegations in the pleadings in those actions were, or what particular name was given to the interests of these parties in the real estate and the proceeds thereof to be divided. The undisputed facts are before the court, and upon them in this, as in the prior action, the rights of the parties must be determined. We cannot yield to the contention of the plaintiffs in this action

without overruling our prior decision upon substantially the same facts, and we are not disposed to do that, and see no reason to do it.

The judgment should be affirmed, with costs.

All concur.